JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6337 PA (RZx) | | Date | September 4, 2013 |
|---|---|---|---|---|
| Title | Kristie Alarcon v. Organon USA, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Organon USA Inc., Organon Pharmaceuticals USA, Inc. LLC (f/k/a Organon Pharmaceuticals USA Inc.), Organon International Inc., and Merck & Co., Inc. (f/k/a Schering-Plough Corporation) (collectively, "Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Kristie Alarcon ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## I.    Legal Standard: Removal & Fraudulent Joinder

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-6337 PA (RZx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Kristie Alarcon v. Organon USA, Inc., et al. | | |

28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990); the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")

For purposes of diversity, the citizenships of the parties are as follows: Plaintiff is a citizen of California; Organon USA Inc. is a citizen of New Jersey; Organon Pharmaceuticals USA, Inc. LLC is a citizen of New Jersey; Organon International Inc. is a citizen of Delaware and New Jersey; Merck & Co., Inc is a citizen of New Jersey; Akzo Nobel NW is a citizen of The Netherlands; and McKesson Corporation is a citizen of California. (See Notice of Removal at 6-7; Compl. ¶¶ 11-27.)

Because McKesson is a citizen of California, there is no complete diversity of citizenship. Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Defendants acknowledge in their Notice of Removal that McKesson is a citizen of California, they maintain that its citizenship should be ignored because it has been fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6337 PA (RZx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Kristie Alarcon v. Organon USA, Inc., et al. | | |

**II.      Analysis**

Plaintiff alleges that she was prescribed and used NuvaRing® around January 2010. Plaintiff further alleges that around August 2011 and July 2012, she suffered several physical, economic and emotional injuries as a result of this product. In particular, Plaintiff asserts claims against Defendants, including McKesson, a California citizen, for (1) Strict Products Liability; (2) Strict Liability - Manufacturing Defect; (3) Negligence; (4) Breach of Implied Warranty; (5) Breach of Express Warranty; (6) Deceit by Concealment - Ca. Civ. Code §§ 1709, 1710; (7) Negligent Misrepresentation; (8) Fraud by Concealment; (9) Violation of Cal. Bus. & Prof. Code § 17200; (10) Violation of Cal. Bus. & Prof. Code § 17500; and (11) Violation of Cal. Civ. Code § 1750.

Defendants contend that McKesson may not be found liable under California state law because (1) Plaintiff has failed to allege any factual basis for the claims asserted against McKesson and (2) there is no legal basis for the claims against McKesson as pleaded. Defendants argue that the Complaint does not include any allegations that McKesson made any specific representations or warranties to Plaintiff. In addition, Defendants argue that the claims based on failure to warn are premised on a non-existent duty to warn as to McKesson.

The Court finds that Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of her claims against McKesson.

Under California law, strict products liability "extends to nonmanufacturing parties outside the vertical chain of distribution of a product, which play an integral role in the 'producing and marketing enterprise' of a defective product and who profit from placing the product into the stream of commerce." Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 773, 59 Cal. Rptr. 2d 322 (1996) (quoting Kasel v. Remington Arms Co., 24 Cal. App. 3d 711, 724, 101 Cal. Rptr. 314 (1972)). "In applying this stream of commerce theory, the courts have eschewed legal labels and have taken a very practical approach, focusing on the actual connection between the defendant's activities and the defective product." Bay Summit, 51 Cal. App. 4th at 774.

Specifically, California courts have held a defendant involved in the marketing/distribution process "strictly liable if three factors are present: (1) the defendant received a direct financial benefit from its activities and from the sale of the product; (2) the defendant's role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process." Id. at 776.

In order to state a viable claim for strict liability for failure to warn in California, all a plaintiff must establish is that a defendant's "failure to warn was a legal cause of the injury. See Torres v. Xomox, 49 Cal. App. 4th 1, 15, 56 Cal. Rptr. 2d 455 (Ct. App. 1996). California law does not exempt

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-6337 PA (RZx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Kristie Alarcon v. Organon USA, Inc., et al. | | |

distributors of prescription drugs from California's general rule that holds distributors strictly liable for failure to warn in defective products cases. See Bostick v. Flex Equip. Co., Inc., 147 Cal. App. 4th 80, 88, 54 Cal. Rptr. 3d 28 (Ct. App. 2007).

Here, the Complaint alleges that McKesson distributed, marketed, advertised, and provided discount coupons for NuvaRing® to the consuming public, including NuvaRing® plaintiff. (Compl. ¶ 34.) Plaintiff further alleges that NuvaRing® "was defective and unsafe for its intended purpose in that implantation of NuvaRing® causes serious injuries and/or death." (Compl. ¶ 59.) Additionally, Plaintiff alleges that defendants, including McKesson, knew or should have known that the product created a serious risk of harm to consumers. (Compl. ¶ 65). The Complaint alleges that defendants failed to warn consumers of these risks, and that due to the lack of adequate use instructions and warnings, Plaintiff was caused to suffer injuries and damages. (Compl. ¶¶ 62-73).

Construing these allegations and facts in the light most favorable to Plaintiff, a trier of fact could find that McKesson benefitted financially from its role in the distributing and marketing of the NuvaRing®, that its representations and input were integral to bringing the product to the consumer market, and that it had an ability to influence to manufacturing or distribution process. Accord Marble v. Organon USA, Inc., 2012 U.S. Dist. LEXIS 83520 (N.D. Cal. June 15, 2012) ("While Merck defendants argue that plaintiffs have failed to allege any viable claims against McKesson, plaintiffs have actually stated multiple viable claims against McKesson, including strict liability for failure to warn and negligence."). Furthermore, McKesson filed its Answer in Los Angeles County Superior Court on August 27, 2013.

Accordingly, Defendants have failed to meet their burden to demonstrate that McKesson is fraudulently joined.

### Conclusion

Based on the foregoing, Defendants have not met their burden to establish this Court's jurisdiction. This action is hereby remanded to the Los Angeles County Superior Court, Case No. BC519075, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.